Good morning, Janice. This is Pat Cansel-Srigal. I am an attorney for Plaintiff Appellant Brian Ross. We wanted to make clear that this is a case where we don't argue very much about the case which is applied by the judge in federal court, but we are arguing whether the judge applied specifically one element of collateral estoppel properly in our case. The issue is whether the district court actually made a mistake dismissing plaintiff's federal complaint based on collateral estoppel. Just to put it briefly, Plaintiff Appellant filed a state complaint in 2012 against BAC in the Bank of America, actually, in the Recon Trust. And then that case was the judge in state court sustained the demerit without left to amend. Yes, counsel. So the critical question for me is whether or not the suit that was filed in federal court is basically the same as the suit that was filed in state court. Could you help us with that? I take it your position is it was a different action in federal court. So explain to us how the action in federal court was different than the action in state court. Yes, exactly. That's the issue I was getting to. We are arguing that the claim or basically issue raised in a present action in state court is not identical to a claim and issues raised in a federal court. And the first thing we have to, I believe, try to understand that banking industry created several parties and several instruments and several entities in recent years. And each party has a specific authority in foreclosure and lending process, and each party has also specific liabilities. So the banking industry created, as you probably know, there is, I should probably say that in this specific case, specific case of Brian Ross. Brian Ross took a loan from Countrywide, and at some point later, Countrywide, or rather MERS, which was a nominal beneficiary under the deed of trust, assigned that loan and deed of trust to an entity which was a securitized trust. And a securitized trust has a trustee. In this case, the security trust's trustee was U.S. Bank. Isn't it true that at bottom, your client asserted that the bank told him to stop making mortgage payments so he could qualify for a loan modification, and when he stopped making the payments, the bank proceeded to foreclose on his property? Isn't that basically what the state court case was about? Yes, Your Honor, yes. Okay, so tell us then how that, what was the federal case about that was different than the allegations made in the state complaint about the loan modification promises and then the foreclosure? Well, the federal case is about following the federal law specifically for a lender when they're doing such an assignment as from a previous lender to another one, in this case to a securitized trust or the trustee U.S. Bank for the securitized trust, that such an assignment must be accompanied by a notice to a borrower. A borrower needs to know who his or her lender is, and that's why the federal law was created as to... with the whole assignment of the note and deed of trust. Aren't both assertions, or the assertions when both complaints and the state court decided that issue or those issues that were raised? I was going to say that that mandate, federal law's mandate to give a notice, it goes to lender only, and the lender here is U.S. Bank as a trustee for the securitized trust, and U.S. Bank as a trustee for the securitized trust was not a party in a state court. So our argument, Brian Ross's argument in this case, is that we have to differentiate the parties and not balking together, and we also have to differentiate between documents which gets recorded in a foreclosure proceeding. The plaintiff was the same in both cases. He was the same, and if he was bringing the same action, even though it was nominally against a different party, why wasn't the court correct to say, this is the same action you brought before? Why was that wrong? What case says that the court was wrong in deciding that this was actually the same case that had been brought in state court? Well, we are not saying that it's not the same party. The plaintiff was obviously the same in both lawsuits, but in the first case, the case law and the statutes and understanding of the laws actually developed in recent years as well. And so the understanding was that in 2012, Brian Ross decided to file it in a state court, and he actually was prepared to go for negligence and prepared to go against a servicer, but he didn't even know at the time that he's, well, actually he went against Bank of America, BAC, under the assumption that it was his lender, and without not knowing that actually it was U.S. Bank, Securitas Trust was his lender. All right. Counsel, perhaps we can hear from the other side. I think we have your position in hand. Let's hear from the other side, and then if you need to come back for rebuttal, you may do so. Good morning, Your Honors. Stuart Price for the appellees. Mr. Ross appeals from the district court's order dismissing his complaint. The district court did so on the grounds of collateral estoppel. I will start with a piece of law that lays out for us when collateral estoppel applies in situations like this and when it does not, and then take us through the two complaints and compare the issues that are raised and the allegations that are made. As I do that, I'll cover what I heard in counsel's comments. I will cover the two areas where she perceives there were claims made below that were not made in state court. I'll then close with a thought about an independent grounds for affirmance. He indicated that the distinction in the federal case has to do with the lender, U.S. Bank, and that's one way in which it's different from the state court allegations and claims that were adjudicated, so perhaps you can start there. Sure. Well, that is true, but it doesn't matter because collateral estoppel is applied when the party asserting the claim is the same, and so we ignore the party against whom the claim is made. We don't care about that. He can win this appeal, or he could, sorry, I guess he could lose this appeal and file a third complaint and sue some other defendant, MERS, which was mentioned but not sued in either case, and run into the same trouble. So collateral estoppel applies to the party who made the claim, so it does not matter that Mr. Ross sued one entity in state court and another in federal court. I will start with a sentence or two from Fraumhagen, which is mentioned in our brief, lays out the rules of the road here. The collateral estoppel effect or aspect, beg your pardon, of res judicata will apply as to all issues which were involved in the prior case, even though some factual matters or legal arguments which could have been presented in the prior case in support of such issues were not presented. Thus, where two lawsuits are brought, and they arise out of the same alleged factual situation, and although the lawsuits are brought, I'm sorry, and although the causes of action or forms of relief may be different, the prior determination of an issue in the first lawsuit becomes conclusive in the subsequent lawsuit between the same parties with respect to that issue, and with respect to every matter which might have been urged to sustain or defeat its determination. So that gives us the framework here, now let's go through the two complaints. So, Mr. Ross. The only thing she's challenging is the fact that there were different parties, so I'm not sure it's necessary to go entirely through both complaints if the only distinction she made between the two was the fact that they were different parties. If that's the only argument she's making, and it's the only argument we're interested in today, then I don't have a lot to add, because collateral estoppel clearly applies, is clearly applied against the party who made the claims in the first place. It does not trouble itself with the party against whom the claim is made. You said you had some alternate basis for affirming. Yes, thank you. That would be the failure to allege tender. So, Mr. Ross is obligated under California state law, because he seeks to set aside a completed foreclosure, to allege his tender of the amounts that are due on the loan. Was that issue raised in the state court proceeding, the failure to allege tender, was that raised in the state court? I'm sorry, Your Honor, I don't recall. I do recall that it was raised in the district court below. And did the district court resolve that issue? No. All right. No. But the point to consider is whether remanding, if the court concludes somehow that collateral estoppel doesn't apply here, that it matters that there's a different party here, or there was some issue raised here that wasn't raised in state court, we're wasting our time, because we will move to dismiss in the district court. We have a lifetime to waste. Fair enough, Your Honor, but it would be a waste of time, because Mr. Ross does not allege his tender. And in fact, in state court, he alleged that he is prepared to tender, which means that he is not. And that's fatal to his claims, and that would provide an independent grounds for affirmance. He hasn't, in fact, made any payments towards his mortgage balance for five or six years? Correct.  Thank you, Your Honor. Thank you, Kevin. Thank you. Rebuttal? Your rebuttal is limited to what he argued, so if you could respond to the statements he made, please. Yes, Your Honor, I just wanted to start really quickly with this tender requirement, because he discussed that. But we have to remember that that was litigated many times, and I litigate myself, too. Tender requirement is not ultimate. It actually has four exceptions. So whether it was raised or not raised, it could have been litigated in a motion to dismiss, but the judge did not dismiss because of the tender, or the judge dismissed because of collateral estoppel. So is it your position that the tender was alleged in the state court proceedings, that your client said that he had tendered the amount that was owed? He had offered to pay the amount that was owed? He did not allege that he had tendered, but he alleged as required, as we understand it, he was required to allege his readiness to tender. Because if there will be no rescission of the deed of trust, then there is no point in tendering all this amount of money and transferring. But he did allege that he was, my belief is that he did allege that in a state complaint that he wanted to tender the amount if it came to rescission of the foreclosure sale. What's your response to opposing counsel's position that the fact that the parties are different doesn't matter? It's the fact that the party who's asserting the claims is the same that triggers collateral estoppel. What's your response to that? My response to that is they may be, doesn't matter, but my argument, as I put it in a reply brief, is the issue of authority is different. So issue of authority of each party is different. Issue of authority of lender to foreclose is different from issue of authority of servicer. California law makes distinction there. Federal laws makes distinction there. The duty to give notice of assignment to a borrower, it goes to a lender. There is a distinction. So the issue, it's not that the fact that the U.S. Bank was not sued on the state court is not really the question. The question is that U.S. Bank was not sued because that lawsuit was not about that. That lawsuit was not about the lender not giving notice of assignment. There may be, I believe the opposing counsel may be right if there were just a cause of action for wrongful foreclosure, but it's not the case. The federal lawsuit is about the lender's duty to give notice, and the federal laws are very clear that the duty goes to lender only, not to servicer, not to foreclosing trustee, but whoever's lender just gives a notice to a borrower. That's it. And in this case, our client didn't even know who his borrower is, I'm sorry, who his lender is, specifically because he didn't get a notice. And he cannot really, or we cannot expect a borrower just to check a county's recorder's office every single day to make sure that no notices are recorded. That's why there is a federal law that says you lender just give a notice. You can sign, re-sign, you can bundle up the loan and sell it as a securitized trust. You can do whatever you need to do. You can create all these entities and parties, but just give a notice to the borrower. That's all the federal law is saying, and in this case, they didn't. We understand your position. Thank you, counsel. Thank you, Your Honor. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Ponsor, Rawlinson, Nguyen